UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCIANO LOZANO,<br><br>Petitioner(s),<br>v.<br><br>TODD BLANCHE, et al. ,<br><br>Respondent(s). | CASE NO. C26-3395-KKE<br><br>ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS |

Petitioner has been detained without a bond hearing at the Northwest ICE Processing Center ("NWIPC") since February 2026. Because the Court finds that Petitioner's detention has become prolonged such that it violates his constitutional due process rights, the Court will grant in part his habeas petition (Dkt. No. 4) and order the government to provide Petitioner a bond hearing.

## I. BACKGROUND

Petitioner Luciano Lozano, a native and citizen of Mexico, was admitted into the United States as a lawful permanent resident in December 1990. Dkt. No. ¶ 3. Petitioner lived with his wife and children in Whatcom County, Washington. *See* Dkt. No. 4-1 at 2–6, 45–73. On February 26, 2024, Petitioner pleaded guilty to two state felony offenses—child molestation in the first degree, Wash. Rev. Code § 9A.44.083, and incest in the second degree, *id.* § 9A.64.020(2)(a)—in the Whatcom County Superior Court. *See* Dkt. No. 4-1 at 21–36; Dkt. No. 8 ¶ 7. Petitioner was

sentenced to suspended sentences of 26 months and 67 months, 3 years of community custody, supervision, 5 years of sex offender treatment, and Petitioner was required to register as a sex offender and ordered to have no contact with the victims. Dkt. No. 4-1 at 25–36; *see* Dkt. No. 8 ¶ 7; Dkt. No. 9-1 at 3.[1]

On February 2, 2026, ICE issued a Form I-200 Warrant for Arrest of Petitioner. Dkt. No. 8 ¶ 9. The next day, February 3, 2026, ICE arrested and detained Petitioner in Bellingham, Washington. *Id.* ¶ 10. Petitioner was served with a Notice to Appear ("NTA") and booked into the NWIPC. *Id.* ¶¶ 11–12. On May 2, 2026, Petitioner filed an application for relief from removal, which an immigration judge denied on July 29, 2026. *Id.* ¶¶ 13–14. Petitioner appealed the denial to the Board of Immigration Appeals ("BIA"), and that appeal remains pending. *Id.* ¶ 14.

Petitioner filed, *pro se*, the petition for writ of habeas corpus on September 17, 2026. Dkt. No. 4. He has been held at the NWIPC since February 3, 2026, and he has not received a bond hearing. Dkt. No. 4 at 4; *see* Dkt. No. 8 ¶¶ 10–15.

## II. ANALYSIS

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to

[1] The return filed by the Government asserts that Petitioner "was sentenced to 67 months of incarceration and 26 months of incarceration" (Dkt. No. 1–2, 3) and later argues that Petitioner's detention by ICE has been for "significantly less than the 67 months of incarceration and 26 months of incarceration … that he received for his two criminal convictions." *Id.* at 8. These assertions appear to obscure the fact, shown by the Government documents and declarations, that Petitioner was not incarcerated: he received suspended sentences for each of his two offenses, and he has not served any amount of active custodial sentence for either. *See* Dkt. No. 8-1 at 3 (Form I-213 stating "[a]ll sentences were suspended by the court and [Petitioner] was placed on DOC supervision"); Dkt. No. 8 ¶ 7 (stating Petitioner received "suspended sentences").

immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner contends that his prolonged detention without a bond hearing violates his constitutional due process rights, and he petitions the Court to order the Government to release him or to provide him a bond hearing. Dkt. No. 4 at 8, 15. The Government argues that Petitioner's mandatory detention under 8 U.S.C. § 1226(c) "does not violate his Fifth Amendment due process rights because his detention is not unreasonably prolonged." Dkt. No. 7 at 5–6 (citing *Martinez v. Clark*, No. C18-1669-RAT-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)). Thus, the issue before the Court is whether Petitioner's over-eight-month detention without a bond hearing under Section 1226(c) is constitutionally compliant.

Section 1226(c) provides for mandatory detention of a noncitizen who has committed a "crime of moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(l). *Dinh v. Scott*, No. 2:26-CV-01745-JHC, 2026 WL 1723686, at *2 (W.D. Wash. June 15, 2026). While the statute "authorizes the detention of noncitizens during the pendency of their immigration proceedings," it "does not permit indefinite detention." *Twiringiyimana v. Blanche*, No. C26-2241JLR, 2026 WL 2607487, at *2 (W.D. Wash. Sept. 3, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)); *cf. Demore v. Kim*, 538 U.S. 510, 513, 529–530 (2003) (describing mandatory detention under § 1226(c) as "brief" and with "a definite termination point," usually between "less than 90 days" and "five months"). Where, as here, a petitioner challenges the length of his detention under Section 1226(c), courts look to the so-called "*Martinez* factors" to determine whether the detention violates constitutional due process. *Dinh*, 2026 WL 1723686, at *2 (citing *Martinez*, 2019 WL 5968089, at *7, *9); *Populus-Revuelta v. Scott*, 837 F. Supp. 3d 1235, 1242 (W.D. Wash. 2026). The *Martinez* factors are:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him [or her] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Populus-Revuelta*, 837 F. Supp. 3d at 1242 (quoting *Martinez*, 2019 WL 5968089, at *9).

Petitioner argues that each of these factors weighs in his favor except for the eighth factor, which he asserts is neutral. Dkt. No. 4 at 8–15. The Government concedes that all but the third and fourth factors weigh in Petitioner's favor or are neutral. Dkt. No. 7 at 6–9. Accordingly, the Court will examine the third and fourth factors, which the Government maintains weigh heavily in its favor.

With respect to the third factor—"whether the detention will exceed the time the petitioner spent in prison for the crime that made him [or her] removable," *Populus-Revuelta*, 837 F. Supp. 3d at 1242—the Government argues "Petitioner has only been detained for approximately eight months," which is "significantly less than the 67 months of incarceration and 26 months of incarceration, respectively, that he received for his two criminal convictions." Dkt. No. 7 at 8. But as the Court already noted, Petitioner was not *incarcerated* for those periods—or any period, for that matter; Petitioner received suspended sentences and community supervision, and served no active custodial sentence. The third factor focuses on "the time the petitioner *spent in prison*," *Populus-Revuelta*, 837 F. Supp. 3d at 1242 (emphasis added), and not on the non-custodial time of probationary or suspended sentences. *See Bautista Portales v. Immigr. & Customs Enf't Field Off. Dir.*, No. C26-817-RSM, 2026 WL 1948056, at *2 (W.D. Wash. July 6, 2026) (third and fourth factor weighed strongly in favor of petitioner and neutrally, respectively, where the petitioner's "crime apparently warranted no custodial time whatsoever" and his "8 months in detention grossly exceed[ed] 60 days of probation" to which he was sentenced); *Castaneda-Garcia*

*v. Blanche*, No. 2:26-CV-1204-JNW, 2026 WL 1948001, at *2 (W.D. Wash. July 6, 2026) (finding the third *Martinez* factor weighed in Petitioner's favor where "his period of detention (16 months) exceeds the confinement he served for the drug offense that subjects him to mandatory detention, which resulted only in a sentence of probation"). Accordingly, the Court finds that the third factor weighs in Petitioner's favor.

With respect to the fourth factor—"the nature of the crimes the petitioner committed," *Populus-Revuelta*, 837 F. Supp. 3d at 1242—the Government argues Petitioner was convicted of "serious, felony convictions involving child molestation." Dkt. No. 7 at 8. It is undeniable that these crimes are serious, as Petitioner concedes himself. Dkt. No. 4 at 1. However, beyond the statutory titles and elements of Petitioner's crimes and the sentences Petitioner received for them, there is little in the record before this Court that speaks to Petitioner's offense conduct. Given the absence of such information, that Petitioner received only suspended sentences, rather than any custodial sentence, seems to mitigate to a degree the seriousness of Petitioner's offense. *See Bautista Portales,* 2026 WL 1948056, at *2 (finding the fourth factor neutral where "[p]etitioner's crime apparently warranted no custodial time whatsoever"). The Court also notes the Supreme Court's admonition that immigration detention is "civil, not criminal" and must be "nonpunitive in purpose and effect." *Zadvayas*, 533 U.S. at 690; *see also Rodriguez v. Robbins*, 804 F.3d 1060, 1076 (9th Cir. 2015), *rev'd sub nom. on other grounds*, *Jennings v. Rodriguez*, 583 U.S. 281 (2018) ("[D]etention may not be punitive[.]"). Accordingly, the Court finds that this factor is neutral or, at best, weighs only slightly in favor of the Government.

For these reasons, and in light of the parties' agreement that the other factors weigh in favor of Petitioner or are neutral, the Court finds that under the *Martinez* factors, Petitioner's prolonged detention without a bond hearing violates due process.

Having found a violation of Petitioner's constitutional rights, the Court must determine the appropriate remedy. "[O]ther courts applying *Martinez* have concluded that the proper remedy in such cases is to order a bond hearing." *Dinh*, 2026 WL 1723686, at *4 (collecting cases); *see, e.g.*, *Bautista Portales,* 2026 WL 1948056, at *2); *Populus-Revuelta*, 837 F. Supp. 3d at 1245–46. Thus, the Court will order the Government to provide Petitioner a bond hearing that comports with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), which include "a contemporaneous record" of the hearing and that the Government bears the burden of "prov[ing] by clear and convincing evidence that [Petitioner] is a flight risk or danger to the community to justify denial of bond." *Id.* at 1203, 1209.

## III. CONCLUSION

For these reasons, the Court GRANTS in part the habeas petition. Dkt. No. 4. The Court further ORDERS:

(1) The Government shall hold a bond hearing for Petitioner on or before Friday, November 6, 2026, unless a continuance is requested by Petitioner.

(2) The bond hearing shall comport with the procedural requirement of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), including that the Government shall make a contemporaneous record of the hearing, either a transcript or audio recording, and at the hearing the Government shall bear the burden of proof by clear and convincing evidence.

(3) Within TWO DAYS of Petitioner's bond hearing, the Government shall provide the Court with a declaration confirming that Petitioner has received such a hearing and stating whether Petitioner was granted bond and, if so, the conditions of his release.

Dated this 23rd day of October, 2026.

Kymberly K. Evanson

Kymberly K. Evanson
United States District Judge